UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-SOUTHERN DIVISION

| | |
|---|---|
| ROBERT McMAHON, | ) SA CV 08-00834-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| v. | ) |
| MICHAEL J. ASTRUE, Commissioner Social Security Administration, | ) |
| Defendant, | ) |

I. PROCEEDINGS

Plaintiff filed a Complaint on August 8, 2008, seeking review of the decision by the Commissioner of the Social Security Administration denying Supplemental Security Income ("SSI") benefits. On August 25, 2008, both parties consented to proceed before the undersigned United States Magistrate Judge, after which Defendant filed an Answer on December 12, 2008. The matter has been taken under submission.

## II. BACKGROUND

Plaintiff applied for SSI on October 5, 2002, asserting a disability onset date of October 16, 2001 due to chronic back pain, gout, depression, and other possible mental illness. (A.R. 13, 65, 72). The Social Security Administration (SSA) denied his claim on March 26, 2006. (A.R. 50). Plaintiff filed for reconsideration and was denied on December 13, 2006. (A.R. 57). Thereafter, Plaintiff filed a request for hearing by an Administrative Law Judge ("ALJ"). (A.R. 19).

Following the hearing on October 25, 2007, the ALJ concluded that Plaintiff was not and had not been disabled during the period alleged through the date of the decision. (A.R. 8, 17-18). The ALJ determined that Plaintiff suffered from lumbosacral sprain/strain with degenerative disc disease, disc bulging, and lower extremity radiculopathy, gout and obesity which more than minimally restricts his ability to perform work related activities. (A.R. 13). However, the ALJ found that the Plaintiff did not have an impairment or combination of impairments that meets or medically equals one of the listed impairments. (A.R. 14). Furthermore, the ALJ found that: (1) Plaintiff has a residual functional capacity to do light work; (2) Plaintiff is unable to perform past relevant work; and (3) that considering Plaintiff's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the Plaintiff can perform. (A.R. 14-18).

Plaintiff requested review of the ALJ decision from the Appeals Council, which was denied on June 25, 2008. (A.R. 3). This action followed.

## III. CONTENTIONS OF THE PARTIES

Plaintiff contends that: (1) the ALJ failed to properly consider findings from the state agency physician regarding Plaintiff's severe mental impairments and multiple moderate limitations that resulted from these impairments; (2) the ALJ failed to properly consider an examiner's opinion regarding Plaintiff bipolar

disorder and GAF score of 45; (3) the ALJ improperly determined the Plaintiff's residual functional capacity; and (4) the ALJ failed to pose a complete hypothetical to the vocational expert.

Defendant asserts that the ALJ reasonably gave weight to the report of a consultative examiner who assessed "no evidence of any disorder" and no functional limitations, rather than the state agency physician's findings of moderate limitations. Additionally, the Defendant contends that a GAF score is not a reliable indicator of impairment. Also, the Defendant argues that Plaintiff suffered only from nonsevere mental impairments, which were properly considered in ALJ's determination of Plaintiff's residual functional capacity, and that Plaintiff's exertional level was properly determined using Medical-Vocational Guidelines.

For the reasons discussed below, the Court finds that the Plaintiff's first two claims of error have merit. Since the matter is remanded for further proceedings based on Plaintiff's first two claims of error, the Court will not address Plaintiff's third and fourth claims.

## IV.   DISCUSSION

Under 42 U.S.C. §405(g), this court reviews the ALJ's decision to determine if: (1) the ALJ's findings are supported by substantial evidence; and (2) the ALJ used proper legal standards. DeLorme v. Sullivan, 924 F.2d 841 (8th Cir. 1991). Substantial evidence means "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401 (1971), but less than a preponderance." Desrosiers v. Secretary of Health & Human Servs., 846 F.2d 573, 576 (9th Cir. 1988). This court cannot disturb the ALJ's findings if those findings are supported by substantial evidence, even though other evidence may exist which supports Plaintiff's claim. See Torske v. Richardson, 484 F.2d 59, 60 (9th Cir. 1973), cert. denied, Torske v. Weinberger, 417 U.S. 933 (1974); Harvey v. Richardson, 451 F.2d 589, 590 (9th Cir. 1971).

It is the duty of this court to review the record as a whole and to consider adverse as well as supporting evidence. Green v. Heckler, 803 F.2d 528, 529-30 (9th Cir. 1986). The court is required to uphold the decision of the ALJ where evidence is susceptible to more than one rational interpretation. Gallant v. Heckler, 753 F.2d 1450, 1453 (9th Cir. 1984). The court has the authority to affirm, modify, or reverse the ALJ's decision "with or without remanding the cause for rehearing." 42 U.S.C. §405(g). Remand is appropriate where additional proceedings would remedy defects in the ALJ's decision. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989).

The ALJ follows a five-step sequential evaluation for determining whether a person is disabled. First, it is determined whether the person is engaged in "substantial gainful activity." If so, disability benefits are denied. Second, if the person is not so engaged, it is determined whether the person has a medically severe impairment or combination of impairments. If the person does not have a severe impairment or combination of impairments, benefits are denied. Third, if the person has a severe impairment, it is determined whether the impairment meets or equals one of a number of "listed impairments." If the impairment meets or equals a "listed impairment," the person is conclusively presumed to be disabled. Fourth, if the impairment does not meet or equal the "listed impairments," it is determined whether the impairment prevents the person from performing past relevant work. If the person can perform past relevant work, benefits are denied. Fifth, if the person cannot perform past relevant work, the burden shifts to the ALJ to show that the person is able to perform other kinds of work. The person is entitled to disability benefits only if he is unable to perform other work. 20 C.F.R. §416.920 (1994); Bowen v. Yuckert, 482 U.S. 137, 140-42 (1987).

## THE ALJ'S FAILURE TO PROPERLY CONSIDER MEDICAL EVIDENCE THAT PLAINTIFF WAS MENTALLY IMPAIRED CONSITITUTES MATERIAL LEGAL ERROR.

The ALJ failed to consider or even mention the medical opinions of a state agency physician, contained in a psychiatric review form and a mental residual functional capacity assessment form, both dated March 17, 2006. In the psychiatric review form, the physician diagnosed Plaintiff with Affective Disorder, Cognitive Disorder, and Depressive Disorder. (A.R. 157- 60). Also, the physician reported that Plaintiff is moderately limited in his abilities to maintain social functioning and maintain concentration, attention, and pace. (A.R. 167).

In the mental residual functional capacity form, the same physician reports that Plaintiff is moderately limited in his ability to understand and carry out detailed instructions, maintain attention and concentration, perform activities within a schedule, complete a normal workweek, accept instructions, respond appropriately to criticism, and respond to changes in the work setting. (A.R. 172-73).

Under Social Security Rule 96-6p, findings made be a state agency consultative physician in regards to the nature and severity of impairment "must be treated as expert opinion evidence of nonexamining sources." SSR 96-6p. The ALJ "may not ignore these opinions and must explain the weight given to these opinions in their decisions." An expert's opinion is not binding upon the Commissioner if the Commissioner provides clear and convincing reasons for rejecting it. Montijo v. Secretary of Health & Human Servs., 729 F.2d 599, 601 (9th Cir. 1984).

In this case, the ALJ did not provide any reasons for disregarding the opinion of the state agency physician, Dr. Johnson. The ALJ did provide reasoning for assigning greater weight to another consultative examiner, Dr.

Krieg, who examined Plaintiff in January 2006. (A.R. 13-14).  Dr. Krieg diagnosed Plaintiff with drug dependence and personality disorder, but assessed "no evidence of disorder" and no functional limitations that would prevent Plaintiff from performing work related activities, provided Plaintiff remains compliant with treatment for his mental disorders and avoids abusing drugs.  (A.R. 191).  In his decision, the ALJ stated that more weight was assigned to Dr. Krieg because her opinions were based on a detailed mental status examination, which included psychological testing.  (A.R. 14).

However, the ALJ did not mention the opinions of Dr. Johnson at all and these opinions indicate that Plaintiff suffers from mental impairment to a certain degree.  The ALJ should consider these opinions and, if he chooses not to rely on them, should provide specific, legitimate reasons for disregarding them.

Plaintiff argues that the ALJ also failed to properly consider the results of a diagnostic examination dated April 2007, which diagnosed Plaintiff with bipolar disorder and assigned a GAF score of 45.  (A.R. 788).  Although the ALJ is not required to discuss every piece of evidence in interpreting and developing the record, the ALJ should explain why significant, probative evidence has been rejected.  Vincent v. Heckler, 739 F.2d 1393, 1394-95 (9th Cir. 1984).  In making findings, an ALJ may draw inferences logically flowing from the evidence.  Sample v. Schweiker, 694 F.2d 639, 642 (9th Cir. 1982).

In this case, the ALJ has ignored significant medical evidence indicating Plaintiff suffered from various mental impairments, including the diagnostic exam stating that Plaintiff suffers from bipolar disorder and has a GAF score of 45.  (A.R. 788).  Also, Plaintiff was treated at the Veterans Administration ("VA") Medical Center in Long Beach, California from 1997 through the end of 2007.  Progress notes from the VA Medical Center dated June 24, 2005, reports that Plaintiff suffers from "heavy mood swings" and on August 23, 2005, it is noted that has "mood instability" and "bouts of rage."  (A.R. 424, 609).

Psychiatry treatment notes from June 5, 2007 state that "his bipolar mood swings have gotten him into trouble and he ends up mostly depressed." Plaintiff was diagnosed with "bipolar mainly depressed with a GAF score of 55." (A.R. 749-50).

There is evidence in the record that indicate Plaintiff's mental problems may not be a result of bipolar disorder. (A.R. 614, 618) But, overall, the medical record indicates that Plaintiff suffers from mood swings, as well as anger and substance abuse problems, that could indicate severe mental impairment. (A.R. 385, 413, 424, 609, 614, 749, 775). The ALJ should consider at least some of this medical evidence and should, if he decides to disregard it, provide specific, legitimate reasons for not relying on it.

The ALJ did not provide clear and convincing reasons for ignoring the medical opinions of the state agency consultative physician and the other medical evidence provided by treatment notes and a diagnostic exam. This evidence indicates that Plaintiff did suffer from mental impairments, and the ALJ should have at least considered these opinions and treatment notes in his determination of Plaintiff's level of impairment and discussed them in his Decision. Hence a remand is appropriate in order.

## V.   CONCLUSION AND ORDER

For the foregoing reasons, the decision of the Commissioner is reversed and remanded pursuant to Sentence 4 of 42 U.S.C. Section 404(g)

DATED: December 2, 2009

/ s /
_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE